09-3421-cv
Vella v. Commissioner of Social Security

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of September , two thousand ten.

PRESENT: PIERRE N. LEVAL,
              GERARD E. LYNCH,
                    *Circuit Judges*,
              EDWARD R. KORMAN,
                    *District Judge.*[*]

-------------------------------------------------------------------

NICHOLAS VELLA,
                    *Plaintiff-Appellant*,

          v.                             No. 09-3421-cv

COMMISSIONER OF SOCIAL SECURITY,
                    *Defendant-Appellee.*

-------------------------------------------------------------------

FOR APPELLANT:      NOAH A. KINIGSTEIN, New York, New York.

FOR APPELLEE:       LESLIE A. RAMIREZ-FISHER, Assistant United States Attorney (Benjamin H. Torrance, on the brief), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

---

[*] The Honorable Edward R. Korman, Senior United States District Court Judge for the Eastern District of New York, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Andrew J. Peck, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Appellant Nicholas Vella appeals from a judgment of the United States District Court for the Southern District of New York (Peck, M.J.) granting Appellee's motion for judgment on the pleadings and dismissing Vella's claim for insurance benefits pursuant to the Social Security Act, 42 U.S.C. § 405(g). We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues and hold as follows.

Where a district court enters judgment on the pleadings affirming the Commissioner of Social Security's denial of an application for disability insurance benefits, "we focus on the administrative ruling rather than the district court's opinion." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). "[W]e review the administrative record de novo to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." Zabala v. Astrue, 595 F.3d 402, 408 (2d Cir. 2010) (internal quotation marks omitted); see also 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Moran, 569 F.3d at 112 (internal quotation marks omitted).

The district court properly determined that substantial evidence supported the ALJ's finding that Vella failed to prove that he suffered from a medically determinable

2

disability before turning twenty-two, which he had to prove in order to prevail on his claim for child's insurance benefits. See 42 U.S.C. § 402(d)(1)(G); 20 C.F.R. § 404.350(a)(5). Vella claims to have suffered from psychiatric impairments, including schizophrenia, since age ten. He says he was hospitalized repeatedly for these impairments prior to age twenty-two. But, as the district court correctly ruled, the ALJ properly relied on the medical records that were in evidence in rejecting those contentions. No medical records show that Vella had been hospitalized, diagnosed, or treated for any psychiatric impairment prior to age twenty-two. Indeed, Vella's earliest medical record in the record dates back to when he was twenty-two, and states that at that time Vella had "no history of psychiatric hospitalization." Nor do any of his later medical records indicate that he had been diagnosed with or treated for any mental impairment prior to age twenty-two. Moreover, it is worth noting that when Vella applied for disability benefits twice in 1975 and once in 1978, the Social Security Administration found him not disabled each time.

Absent objective medical evidence, Vella relied on his own testimony to prove that he suffered from a medically determinable impairment before turning twenty-two. His testimony, however, did not require the ALJ to find the existence of an impairment, because "[a]n indvidual's statement as to pain or other symptoms shall not alone be conclusive evidence of disablity . . . there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment." 42 U.S.C. § 423(d)(5)(A); see also 20 C.F.R. § 404.1529(a) ("[S]tatements about your pain or other symptoms will not alone establish

3

that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged . . . ."). Here, the medical record does not support his testimony that he suffered a psychiatric impairment before turning twenty-two. Moreover, portions of Vella's own testimony contradict that claim. For instance, he stated, "I have been in therapy since, you know, like 23 years old, but before that I didn't want to go . . . .," and "[a]fter the age of 22, like 23 years old, I started becoming, you know, hospitalized quite frequently." The ALJ and district court considered Vella's testimony and the district court correctly determined that the testimony did not require the ALJ to find that Vella suffered a medically determinable impairment prior to age 22.

Vella also relied on letters his brother and a friend submitted to the ALJ. Vella's brother's letter states that Vella had been hospitalized "at least 35 times," that at age ten his parents put him in a special school because "he was a very troubled and problematic youngster," and that at age eleven "my parents brought him to St. Vincent's Hospital for psychiatric treatment and therapy. He has been on al[l] sorts of psychotic medications his whole life, and never has taken anyone's advice." The friend's letter states that "[a]t an early age [Vella] was doing drugs and has been hospitalized at least 35 times," but it failed to indicate when those hospitalizations occurred. Neither letter included any medical records or other objective evidence supporting their claims, nor did they include specific information that would help the ALJ confirm their assertions. The ALJ and the district court properly found that these letters did not require the ALJ to find that Vella

4

suffered from a medically determinable impairment prior to age twenty-two.

Accordingly, although Vella's testimony and letters paint a sympathetic picture of his youth, in light of the lack of objective evidence regarding his medical condition before he turned twenty-two, we find that substantial evidence supports the ALJ's and district court's decisions that he failed to establish that he suffered from a medically determinable psychiatric impairment during that time period.

Vella claims that we should remand this case because the ALJ failed to develop the record. We disagree. The ALJ obtained all available medical records from sources Vella identified. In light of the lack of records regarding the relevant period, the ALJ requested, received, and considered additional lay statements from Vella's brother and friend. These statements were largely conclusory, and provided no medical records or other objective evidence. Vella claims the ALJ should have tried to obtain more detailed statements from those lay witnesses. But the ALJ acted well within his discretion in determining that additional witness testimony was unnecessary for full presentation of this case, especially in light of the fact that neither the brother nor the friend indicated that they had further information to add to their written statements. See Yancy v. Apfel, 145 F.3d 106, 113-14 (2d Cir. 1998). We have considered all of Vella's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5